An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EDGAR R. DESANTIAGO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63673

**FILED**

JUN 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a motion to withdraw a guilty plea and vacate conviction and/or modify sentence. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

On appeal from his motion filed on April 25, 2013, appellant claims that he should be able to withdraw his guilty plea because counsel failed to inform him of the possible immigration consequences of pleading guilty. Appellant waited seventeen years from the entry of his judgment of conviction and fourteen years from the time deportation proceedings began against him before filing this motion. This court has held that a motion to withdraw a guilty plea is subject to the equitable doctrine of laches. *Hart v. State*, 116 Nev. 558, 563, 1 P.3d 969, 972 (2000). Application of the doctrine requires consideration of various factors, including: "(1) whether there was an inexcusable delay in seeking relief; (2) whether an implied waiver has arisen from the defendant's knowing acquiescence in existing conditions; and (3) whether circumstances exist that prejudice the State." *Id.* at 563-64, 1 P.3d at 972.

In an attempt to overcome the equitable doctrine of laches, appellant claims that there was excusable delay in seeking relief.

14-19226

Appellant claims that it was not until his wife consulted with an attorney in 2012 that he learned that, based on *Padilla v. Kentucky*, 559 U.S. 356 (2010), counsel was supposed to inform him of the immigration consequences of his plea.

Appellant fails to demonstrate that there was excusable delay. He waited nearly three years after *Padilla* was decided to file this motion. Appellant's failure to seek counsel earlier does not excuse his delay. Further, despite appellant's arguments to the contrary, *Padilla* is not retroactive, *see Chaidez v. United States*, 568 U.S. ___, ___ 133 S. Ct. 1103, 1105 (2013), and therefore, would not help him overcome the equitable doctrine of laches.

Further, we reject appellant's assertion that his case is not final because the instant motion is tantamount to a direct appeal. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Moreover, we reject appellant's argument that the State would not suffer prejudice from the delay. Accordingly, the district court did not err in denying appellant's motion, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

---

[1]We note that appellant failed to make any argument in support of a motion to modify sentence.

cc: Hon. Jerome T. Tao, District Judge
Xavier Gonzales
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk